# UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Venue

FILED
MAY 29 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

## Request to Modify the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:          Thomas David Hagberg         Docket No.:    CR 07-3071-01- PJH

Name of Sentencing Judge:  The Honorable Phyllis J. Hamilton

Date of Original Sentence: December 8, 2006

Original Offense:
Count 1: Mailing Threatening Communications, 18 U.S.C. § 876, a Class C felony

Original Sentence: 29 months custody, 36 months supervised release
Special Conditions: drug treatment; mental health treatment; search; no contact with victim; DNA collection;

Prior Form(s) 12: On April 27, 2007, a warrant for Mr. Hagberg's arrest was filed in the Eastern District of California. Mr. Hagberg was arrested on this warrant on April 27, 2007. He appeared before The Honorable United States Magistrate Judge La Porte on May 3, 2007. At that time Mr. Hagberg was released with the additional condition that he participate in Electronic Monitoring with Global Position Monitoring System.

Since that time Jurisdiction of this matter was transferred to the Northern District of California and assigned to The Honorable Phyllis J. Hamilton.

Type of Supervision: Supervised Release        Date Supervision Commenced: December 8, 2006
Assistant U.S. Attorney: Kyle Waldinger              Defense Counsel: Daniel Blank(AFPD)

### Petitioning the Court

To dismiss the outstanding Form 12 requesting a warrant
and
To Modify Mr. Hagber's conditions of supervision to include the following special condition: The defendant shall participate in the Home Confinement with Electronic Monitoring Program, which may include Global Position System monitoring and shall abide by all the requirements of the program for a period of up to six months. Other location verification methods may be utilized in conjunction with this program. The fees for the monitoring shall

NDC-SUPV-FORM 12B(1) 03/23/05

Thomas David Hagberg  
CR 00-05371-01
Page 2

be waived as the probation officer has determined that he has an inability to pay. The defendant is restricted to his/her residence at all times except for activities which have been pre-approved by the probation officer, including employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and shall submit to drug or alcohol testing as directed by the probation officer.

## Cause

A warrant was requested for Mr. Hagberg's arrest because he was not participating in Mental Health Counseling. Specifically on April 23, 24 and 25, 2007 he failed to attend his scheduled appointments with the mental health practioners he was seeing. In the weeks preceding this, Mr. Hagberg's mental health was deteriorating and he was refusing to take his prescribed medication on a regular basis. Ultimately, on April 14, 2007, he was treated as a psychiatric emergency patient pursuant to California Health and Safety Code 5150, following an incident where he rationalized that eating a creosote log would be an effective treatment for his declining mental health. The warrant was requested as it was this officer's opinion that Mr. Hagberg's declining mental health and refusal to comply with his mental health treatment created a risk to himself and the community at large.

Mr. Hagberg appeared before the Honorable United States Magistrate La Porte on May 3, 2007. He was released on electronic monitoring with global position monitoring and was instructed to comply with his mental health treatment. Because transfer of jurisdiction was not completed yet, the matter was not put on the calendar of a district court judge at that time and a status conference was calendared before United States Magistrate La Porte for May 21, 2007. That matter has been taken off calendar in lieu of this petition.

Since Mr. Hagberg was released, he has been in compliance with his mental health treatment, in that he is making all of his appointments and has been taking his prescribed medication without incident. Additionally, he has been in compliance with the conditions of his electronic monitoring. Mr. Hagberg does not wish to return to custody and is now motivated by the real possibility of this occurring. He also seems to be responding to the structure imposed by being on electronic monitoring. Furthermore, the fact that he is taking his prescribed medication is extremely important in that his bizarre behavior and thought processes are much more under control.

It is this officer's recommendation, in concurrence with AUSA Kyle Waldinger and AFPD Daniel Blank, that the outstanding Form12 requesting the warrant be dismissed and that Mr. Hagberg's terms of supervised release be modified to include up to six months of electronic monitoring with global position monitoring. Mr. Hagberg has signed the appropriate waiver, which is attached for Your Honor's review.

NDC-SUPV-FORM 12B(1) 03/23 05

Thomas David Hagberg                                                                                         Page 3
CR 00-05371-01

Address of offender: 9780 Occidental Road, Sebastopol, CA 95472

Respectfully submitted,                          Reviewed by:

*Sharon K. Alberts*                              *Robert E. Tenney /SKA/*
Sharon K. Alberts                                Robert E. Tenney
U.S. Probation Officer                           Supervisory U.S. Probation Officer

Date Signed:

---

THE COURT ORDERS:

☒ That the outstanding Form 12 requesting a warrant be dismissed
   and
   That Mr. Hagberg's conditions of supervised release be modified to include the following special condition:
   The defendant shall participate in the Home Confinement with Electronic Monitoring Program, which may include Global Position System monitoring and shall abide by all the requirements of the program for a period of up to six months. Other location verification methods may be utilized in conjunction with this program. The fees for the monitoring shall be waived as the probation officer has determined that he has an inability to pay. The defendant is restricted to his/her residence at all times except for activities which have been pre-approved by the probation officer, including employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and shall submit to drug or alcohol testing as directed by the probation officer.
☐ Submit a request for warrant
☐ Submit a request for summons
☐ Other:

5/29/07
Date

The Honorable Phyllis J. Hamilton
United States District Judge

NDC-PROB 49 02/01/05

# UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF CALIFORNIA

Defendant Name: Thomas D. Hagberg
Docket No.: CR 07-307 PJH

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term Of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel", I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall participate in the Home Confinement with Electronic Monitoring Program, which may include Global Position System monitoring and shall abide by all the requirements of the program for a period of up to six months. Other location verification methods may be utilized in conjunction with this program. The defendant shall pay the cost of monitoring at the prevailing rate unless it is determined by the probation officer that s/he has an inability to pay. A co-payment amount will then be determined by the probation officer. The defendant is restricted to his/her residence at all times except for activities which have been pre-approved by the probation officer, including employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and shall submit to drug or alcohol testing as directed by the probation officer.

☐ *continued on next page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct and that this declaration was executed on the date indicated at

Signed: *Tom Hagberg*   Date: 5/2/07
Probationer or Supervised Releasee

Witness: *Sharon K. Alberts*   Date: 5/2/07
Sharon K. Alberts
U.S. Probation Officer